~~SEALED~~

# United States District Court

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 11 2015

CLERK U.S. DISTRICT COURT
By _____
Deputy

**NORTHERN** _____ **DISTRICT OF** _____ **TEXAS**

### In the Matter of the Search of
(Name, address or Brief description of person, property or premises to be searched)

Several cellular telephones currently located at the Federal Bureau of Investigation, Dallas Field Office, 1 Justice Way, Dallas, Texas, 75220, more fully described in Attachment A

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

**CASE NUMBER:** 3-15-mj-529-BF

I __JOSEPH M. MATHEWS__ being duly sworn depose and say:

I am a(n) **Special Agent with the FEDERAL BUREAU OF INVESTIGATION** and have reason to believe that on the person of or **XX** on the property or premises known as (name, description and/or location)

(SEE ATTACHMENT A).

in the ___**NORTHERN**___ District of _____**TEXAS**_____ there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B).

**which is** (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

property that constitutes evidence of the commission of a crime, contraband, the fruits of crime, and is, otherwise, criminally possessed, **concerning a violation of Title __21__ United States code, Section(s) __841(a)(1), 843(b) & 846 and 18 U.S.C. §§1956 & 1957__. The facts to support a finding of Probable Cause are as follows:**

(SEE ATTACHED AFFIDAVIT OF FBI SPECIAL AGENT JOSEPH M. MATHEWS).
**Continued on the attached sheet and made a part hereof.     XX Yes __ No**

Signature of Affiant
JOSEPH M. MATHEWS
Special Agent, FBI

**Sworn to before me, and subscribed in my presence:**

__August 11, 2015__ @ /030 A.M.     at     __Dallas, Texas__
**Date and Time Issued**               **City and State**

**PAUL D. STICKNEY**
**United States Magistrate Judge**
**Name and Title of Judicial Officer**

Signature of Judicial Officer

## ATTACHMENT A

a. Samsung cellular telephone, model SGH-A197, with serial number RPWZB22668H, IMEI 012481005850654 and included SIM Chip (**TARGET DEVICE #1**).

b. ZTE AT&T, model Z221, with serial number 322222224803 and IMEI 863806014448340, and included SIM chip (**TARGET DEVICE #2**).

c. Kyocera, model S2151 Kona, with FCC ID V65S2151 with DEC 268435462509906741, and included SIM chip (**TARGET DEVICE #3**).

d. Kyocera cellular telephone, model S2151 Coast, FCC ID 465S2151 with DEC# 268435462500794998, and included SIM chip. (**TARGET DEVICE #4**).

e. Samsung cellular telephone, model SHG-T139, with FCCID A3LSGHT139, and included SIM chip.(**TARGET DEVICE #5**).

f. Samsung cellular telephone, model SHG-I577, with IMEI 359624041215140, serial number R21C645S0NY and included SIM chip. (**TARGET DEVICE #6**).

g. ZTE cellular telephone, model Z222, with IMEI 865651020838961,serial number 327B41746B41 and included SIM chip. (**TARGET DEVICE #7**).

h. ZTE cellular telephone, model Z221, with IMEI 863806011549405, serial number 322421653167 and included SIM chip. (**TARGET DEVICE #8**).

    i.   Blackberry Curve cellular telephone, model 8520, IMEI 353906036631720, and included SIM chip.(**TARGET DEVICE #9**).

## ATTACHMENT B

All records on the Target Devices described in Attachment A that relate to violations of; 21 U.S.C. § 841(a)(1) (possession of a controlled substance with intent to distribute); 21 U.S.C. § 843(b) (use of a telecommunication facility to facilitate a drug felony); 21 U.S.C. § 846 (conspiracy to possess with the intent to a distribute controlled substance); 18 U.S.C. §§ 1956, and 1957 (the laundering of monetary instruments and engaging in monetary transactions in proceeds derived from specified unlawful activity) including:

a. lists of customers and related identifying information;

b. text messages and other non-verbal communications stored on the **TARGET DEVICES.**

c. records of incoming and outgoing calls received and placed;

d. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

e. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

f. any information recording **JAVIER GUERRA A/K/A CHOP A/K/A PORKY** schedule or travel;

g. all bank records, checks, credit card bills, account information, and other financial records; and

h.  any and all photographs related to the distribution of narcotics and associates
    involved in the related importation/facilitation/distribution of narcotics.

i.  evidence of user attribution showing who used or owned the **TARGET
    DEVICES** at the time the things described in this warrant were created, edited,
    or deleted, such as logs, phonebooks, saved usernames and passwords,
    documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items
of evidence in whatever form and by whatever means they may have been created or stored,
including any form of computer or electronic storage (such as flash memory or other media that
can store data) and any photographic form.

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

## INTRODUCTION

1.      I, Joseph M. Mathews, a Special Agent (SA) OF the Federal Bureau of Investigation (FBI), being duly sworn, state the following:

1.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7), Title 18, United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

2.      I am a Special Agent with the Federal Bureau of Investigation, and have been since October 2010. I am a Special Agent within the FBI and have been assigned to the Hybrid Southwest Border Squad, which investigates Southwest Border violations to include, but not limited to drug trafficking, money laundering, extortion, weapons trafficking and kidnapping. Over the past four and a half years I have received training and experience related to drug trafficking organizations specific to the illegal drug cartels located in Mexico and illegal drug activities in the United States. I have also received specialized training on the Universal Forensic Extraction Device utilized to extract evidentiary data from cellular telephones and other electronic devices.

3.      I have been involved in numerous investigations of individuals involved in smuggling and trafficking illegal controlled substances and laundering the proceeds derived there from. I have experience in the use of surveillance techniques, pen registers, Title III wire taps, undercover operations, electronic monitoring, the use of confidential informants, debriefing of defendants, and the drafting and execution of search and arrest warrants. These investigations have resulted in the seizure of large quantities of illegal drugs and proceeds derived from drug

Affidavit in Support of a Search Warrant – Page 1

smuggling and trafficking activities. I am familiar with the ways that drug traffickers conduct their business.

2.      My familiarity includes: the various means and methods by which drug traffickers import and distribute drugs; their use of cellular telephones and calling cards to facilitate drug activity; and their use of numerical codes and code words to conduct drug transactions. I know that organized controlled substance trafficking organizations utilize cellular telephones as instruments of communication and to store messages, names, telephone numbers, codes, and other electronic data in furtherance of their criminal activities.

3.      I am familiar with the facts and circumstances of the investigation set forth below through my personal participation; from discussions with other federal agents and local law enforcement officers; and from my review of records and reports relating to the investigation. Because this affidavit is submitted for the limited purpose of securing a search warrant, I have not included details of every aspect of the investigation; rather only those facts necessary to establish probable cause.

4.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of an electronic device described in Attachment A for **TARGET DEVICES #1, #2, #3, #4 ,#5,#6,#7,#8 and #9** which is currently in law enforcement possession, and the extraction from that property of electronically stored information as described in Attachment B.

5.      The items to be searched are described as the following:

a.  Samsung cellular telephone, model SGH-A197, with serial number RPWZB22668H, IMEI 012481005850654 and included SIM Chip (**TARGET DEVICE #1**).

Affidavit in Support of a Search Warrant – Page 2

b. ZTE AT&T, model Z221, with serial number 322222224803 and IMEI 863806014448340, and included SIM chip (**TARGET DEVICE #2**).

c. Kyocera, model S2151 Kona, with FCC ID V65S2151 with DEC 268435462509906741, and included SIM chip (**TARGET DEVICE #3**).

d. Kyocera cellular telephone, model S2151 Coast, FCC ID 465S2151 with DEC# 268435462500794998, and included SIM chip. (**TARGET DEVICE #4**).

e. Samsung cellular telephone, model SHG-T139, with FCCID A3LSGHT139, and included SIM chip.(**TARGET DEVICE #5**).

f. Samsung cellular telephone, model SHG-I577, with IMEI 359624041215140, serial number R21C645S0NY and included SIM chip. (**TARGET DEVICE #6**).

g. ZTE cellular telephone, model Z222, with IMEI 865651020838961,serial number 327B41746B41 and included SIM chip. (**TARGET DEVICE #7**).

h. ZTE cellular telephone, model Z221, with IMEI 863806011549405, serial number 322421653167 and included SIM chip. (**TARGET DEVICE #8**).

i. Blackberry Curve cellular telephone, model 8520, IMEI 353906036631720, and included SIM chip.(**TARGET DEVICE #9**).

6. The **TARGET DEVICES #1, #2, #3, #4, #5,#6,#7,#8 and #9** will be named hereafter **"TARGET DEVICES"**. The **TARGET DEVICES** are currently located at the Federal Bureau of Investigations, Dallas Field Office, 1 Justice Way, Dallas, 75220 where they

Affidavit in Support of a Search Warrant – Page 3

have been stored in a manner in which their contents are, to the extent material to this

investigation, in substantially the same state as they were when the **TARGET DEVICES** were

first seized by law enforcement.

      7.     The applied for warrant would authorize the forensic examination of all the

**TARGET DEVICES** for the purpose of identifying and seizing electronically stored data as

described in Attachment B.  I believe that probable cause exists that all the **TARGET**

**DEVICES** include evidence of offenses involving; 21 U.S.C. §841(a)(1) (possession of a

controlled substance with intent to distribute); 21 U.S.C. §843(b) (use of a telecommunication

facility to facilitate a drug felony); and 21 U.S.C. §846 (conspiracy to possess with the intent to a

distribute controlled substance). 18 U.S.C. §§ 1956, and 1957 (the laundering of monetary

instruments and engaging in monetary transactions in proceeds derived from specified

unlawful activity)

## PROBABLE CAUSE

      8.     In 2012, FBI Dallas and the Dallas Police Department merged two already

ongoing drug trafficking investigations into a joint investigation of multiple high level drug

trafficking cells in the Dallas, Texas area. Over the past three years numerous individuals have

made themselves available to FBI Under Cover Employees to discuss drug trafficking, engage in

drug trafficking activities, distribute illegal drugs and the launder drug proceeds.  Based on this

investigation and multiple other Federal Investigations Javier Guerra a/k/a Chop a/k/a Porky was

identified as a high level methamphetamine ICE distributor in the Dallas, Texas area. Guerra was

being supplied methamphetamine ICE directly from an illegal drug cartel located in Mexico.

Over the past several years, FBI Under Cover Employees (UCE) have purchased more than 500

grams of methamphetamine from illegal drug distributors being supplied by Guerra. The UCE's

Affidavit in Support of a Search Warrant – Page 4

have been able to confirm from Guerra himself that he supplied the methamphetamine that the UCE's purchased from the workers.

9.      On April 28, 2015, during an undercover meeting with one of Guerra's workers, Jose Guerrero used a cellular telephone to contact Guerra to arrange for the payment from a kilogram of methamphetamine that Guerra had fronted Guerrero (given with the expectation of payment at a later date). From this, and other corroborated information Agents believe that Guerra utilized his cellular telephone to conduct illegal drug trafficking.

10.      On June 23, 2015 Javier Guerra a/k/a Chop a/k/a Porky was indicted out of the Northern District of Texas on illegal drug conspiracy charges.

11.      Guerra was arrested on July 15, 2015, in conjunction with the investigation mentioned in paragraph #9.  Agents attempted to locate Javier Guerra at 3810 Utah Avenue, Dallas, Texas which was Guerra's primary residence. Agents did not find Guerra at the residence, but encountered Guerra's wife Claudia Guerra who said she and Javier had been together for 14 years and lived together at the residence.  Claudia gave verbal and written consent to search the residence at 3810 Utah Avenue, Dallas, Texas. During the search agents discovered approximately $220,000 in United States currency, two assault rifles, 7 handguns and seven cellular telephones referenced in this affidavit as **TARGET DEVICES.** Based on the affiants experience and knowledge of the investigation, all of the items taken are consistent with high-level illegal drug trafficking and the telephones seized likely contain evidence of illegal drug trafficking.

12.      Further, on July 15, 2015, Javier Guerra was located at 4137 Fortune Avenue, Dallas, Texas, his brother's residence who was also arrested in this conspiracy. When placed

Affidavit in Support of a Search Warrant – Page 5

under arrest Guerra had approximately $3,640 on his person with two additional cellular telephones. After his arrest Guerra was interviewed by Dallas DEA Agents to which he provided written consent for the two cellular telephones on his person. Affiant is requesting a search warrant for those telephones as well listed in the **TARGET DEVICES** which likely contain evidence of illegal drug trafficking.

13.     Affiant believes **TARGET DEVICES** contain stored messages, names, telephone numbers, codes, and/or other electronic data in furtherance of the organized criminal enterprise that is distributing large quantities of crystal methamphetamine.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can oftentimes be recovered with forensics tools.

1.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **TARGET DEVICES** were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the **TARGET DEVICES** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

Affidavit in Support of a Search Warrant – Page 6

b.  Forensic evidence on the **TARGET DEVICES** can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

2.    *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but

not limited to computer-assisted scans of the entire medium, that might expose many parts of the

device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

3.      I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the **TARGET DEVICES** described in Attachment A to seek the

items described in Attachment B.

_____
Joseph M. Mathews
Special Agent, FBI


Subscribed and sworn to before me by said Affiant on this the ⁄ ⁄ day

of August, 2015.


_____
HON. PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS